IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SYDNEY CARL FRASIER,

     Plaintiff,

v.

SHERIFF BOBBY McCALLUM; LT. SCOTT
 TUMMOND; INVESTIGATOR ROB BOWERS;
 INVESTIGATOR ROGER BELL; CITY OF WILLISTON;
 CHIEF DENNIS STROW; LT. MATTHEW C.
 FORTNEY; and OFFICER R.W. PROCTOR,

     Defendants.

_____/

## C O M P L A I N T

COMES NOW the Plaintiff, SYDNEY FRASIER, by and through his undersigned attorneys, and files his Complaint against Defendants, SHERIFF BOBBY McCALLUM ("**MCCALLUM**"); LT. SCOTT TUMMOND ("**TUMMOND**"); INVESTIGATOR ROB BOWERS ("**BOWERS**"); INVESTIGATOR ROGER BELL ("**BELL**"); CITY OF WILLISTON ("**WILLISTON**"); CHIEF DENNIS STROW ("**STROW**"); LT. MATTHEW C. FORTNEY ("**FORTNEY**") and OFFICER R.W. PROCTOR (" **PROCTOR**") and respectfully states unto the Court the following:

1.    PLAINTIFF is an adult citizen of Williston, Levy County, Florida.

2.    Upon information and belief, Defendants, SHERIFF BOBBY McCALLUM, LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS AND INVESTIGATOR ROGER BELL, are adult citizens of Florida and are law enforcement officers with the Levy County Sheriff's Department. They are sued individually and in their official capacities as law enforcement officers with the Levy County Sheriff's Department. At the time of the incident, which is the subject matter

of this litigation, all these Defendants were acting under the color of state law by virtue of their positions as law enforcement officers.

3.     Defendant, CITY OF WILLISTON, is a municipality in the State of Florida and as such is a political subdivision of the State of Florida and among other functions, operates and maintains a law enforcement agency known as the Williston Police Department. The CITY OF WILLISTON is under a duty to operate its policing activities in a lawful manner so as to preserve to its citizens the rights, privileges, and immunities guaranteed to them by the constitutions and laws of the United States and the State of Florida.

4.     Upon information and belief, Defendants, CHIEF DENNIS STROW, LT. MATTHEW C. FORTNEY AND OFFICER R.W. PROCTOR, are adult citizens of the State of Florida and are law enforcement officers with the Williston Police Department. They are sued individually and in their official capacities as law enforcement officers with the Williston Police Department. At the time of the incident, which is the subject matter of this litigation, all these Defendants were acting under the color of state law by virtue of their positions as law enforcement officers.

## JURISDICTION AND VENUE

5.     This cause of action arises out of an incident which occurred on or about August 2, 2012 at or near 226 N.E. 10th Street, Williston, Levy County, Florida. All conditions precedent for bringing and maintaining this action have been met.

6.     Jurisdiction lies with this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth Ninth and Fourteenth Amendments of the Constitution of the United States. PLAINTIFF further invokes the

pendent and supplemental jurisdictions of this Court to hear claims arising out of state law pursuant to 28 U.S.C. § 1367.  Venue lies with this Court pursuant to 28 U.S.C. § 1391.

## FACTS

7.     On or about August 2, 2012 at approximately 0730 am, PLAINTIFF was in bed at his home located at 226 N.E. 10th Street, Williston, Levy County, Florida.  He lived in the home with his mother.

8.     Upon information and belief, while Defendants, LT. SCOTT TUMMOND and CHIEF DENNIS STROW maintained exterior perimeter/provided cover, Defendants, LT. MATTHEW C. FORTNEY and INVESTIGATOR ROGER BELL approached and knocked on the door of Plaintiff's residence.

9.     When PLAINTIFF answered the door, Defendants, LT. MATTHEW C. FORTNEY and INVESTIGATOR ROGER BELL arrested PLAINTIFF.  They removed him from his residence and placed flex-cuffs on his wrists.

10.    The flex-cuffs got turned around and were binding, painful and injuring PLAINTIFF.  Defendants, CHIEF DENNIS STROW, LT. SCOTT TUMMOND and/or INVESTIGATOR ROGER BELL observed that the cuffs were obviously binding and injuring Plaintiff, but failed to loosen the flex-cuffs or cut them off.  PLAINTIFF complained that the flex-cuffs were binding and/or injuring him.  Thus, due to their own observations and PLAINTIFF'S complaints, Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR, were aware at all material times that the flex-cuffs were hurting and injuring PLAINTIFF.  Further, Defendant, LT. SCOTT TUMMOND reported that PLAINTIFF began to complain that the flex-cuffs were hurting him.  Defendant, LT. SCOTT TUMMOND observed that

the cuffs were twisted and "most likely causing pain".  Yet, he failed to remove the cuffs.

11.    Throughout this incident, PLAINTIFF had been taken into custody by Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR, and remained wearing only a t-shirt, boxer shorts and socks.  Defendants placed PLAINTIFF in his front yard in his underwear awaiting transport.  The flex-cuffs continued to bind and injure PLAINTIFF and PLAINTIFF repeated his complaints to Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR, regarding same, yet Defendants failed to remove the cuffs.

12.    Shortly thereafter, Defendant, OFFICER R.W. PROCTOR arrived driving a transport vehicle.  Defendants, TUMMOND, BELL, STROW, FORTNEY and/or PROCTOR, placed PLAINTIFF inside the vehicle and transported him to the Williston Police Department and then to the Levy County Jail.  PLAINTIFF continued to advise that he was Sidney Frasier and not suspect Keith Frasier, who was the actual suspect the officers had been seeking in the first place.  After several hours in jail in his underwear, Defendant, INVESTIGATOR ROB BOWERS went to the jail upon being notified by the jail that they had the wrong person, and they released PLAINTIFF in his underwear, gave him a sheet to wrap around himself and transported him home.

13.    The arrest was conducted pursuant to a Levy County Sheriff Initiative "Operation Clean Sweep" to arrest suspected drug dealers in the area.  At all relevant times, Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR, had in their possession photographs of the actual suspect they were seeking who was not PLAINTIFF, Sidney Frasier, but his brother, Keith Frasier.

14.    Despite PLAINTIFF'S assertion that he was not Keith Frasier and despite the fact that Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR,  had in

their possession at all times a photograph of the actual suspect, Keith Frasier, they nonetheless conducted the arrest, humiliated Mr. Frasier by taking him into his yard in his underwear, placed flex-cuffs on him that injured him, took him to jail and incarcerated him.

15.     Further, as PLAINTIFF was being transported to Williston Police Department, PLAINTIFF advised Defendant, OFFICER R.W. PROCTOR, in response to Defendant, OFFICER R.W. PROCTOR'S questioning, that he was not Keith Frasier, but that his name was, in fact, Sidney Frasier.   Defendant, OFFICER R.W. PROCTOR advised via radio to Defendant, LT. MATTHEW C. FORTNEY that PLAINTIFF stated his name was Sidney Frasier and not Keith Frasier.   Defendant, LT. MATTHEW C. FORTNEY responded with "That's 10-4.   Okay." Nonetheless, Defendant, OFFICER R.W. PROCTOR proceeded to the holding cell at the Williston Police Department where Sidney Frasier was incarcerated until he was transported to the Levy County Jail.

16.     Thus, Defendant, OFFICER R.W. PROCTOR, despite being advised that the person Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR,   had arrested and taken into custody, was in fact Sidney Frasier and not the actual suspect they were seeking, Keith Frasier, did nothing to stop the progress of the arrest.

17.     At all material times, Defendants who arrested and transported PLAINTIFF had in their possession a photograph of the actual suspect they sought, Keith Frasier, as well as direct information from PLAINTIFF that he was, in fact, Sidney Frasier and not Keith Frasier.

18.     At all material times during the arrest, Defendants, TUMMOND, BELL, STROW, FORTNEY and/or PROCTOR, were aware that the flex-cuffs were improperly applied and causing pain, and likely injury, to PLAINTIFF.  At no time during the arrest did Defendants relieve the pain

and pressure from the flex-cuffs.  At no time did any of the arresting Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR,  take any action whatsoever to confirm that they had arrested and taken into custody the actual suspect, Keith Frasier, even in the face of a photograph of the correct suspect and PLAINTIFF'S assertions that he was Sidney Frasier and not Keith Frasier.  At material times, the Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR, ignored that information.

19.    At all times Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR, knowingly and willfully participated in and authorized the arrest, cuffing, transport and jailing of PLAINTIFF or in the alternative, authorized, condoned, approved and/or assisted with those actions.

20.    Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR, never had and still do not have a particularized reason to believe that PLAINTIFF was involved in criminal activity on August 2, 2012 that would have warranted his arrest at that time.  In fact, at all material times, they had direct information and evidence to the contrary.

21.    At all material times, Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR, were under a duty to prevent their fellow law enforcement officers from violating the United States Constitution.

22.    Upon information and belief, Defendants, TUMMOND, BOWERS, BELL, STROW, FORTNEY and/or PROCTOR, had an adequate opportunity to intervene and prevent PLAINTIFF'S constitutional rights from being violated, but instead, assisted in the violation.

## COUNT I – AS TO LT. SCOTT TUMMOND

23.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

24.     PLAINTIFF'S arrest, restraint, transport, detention and/or incarceration by LT. SCOTT TUMMOND was unjustified, unprovoked, disproportionate and unconstitutional in that these Defendants failed to exhaust other reasonable means of ascertaining PLAINTIFF'S identity before resorting to removing him from his home, arresting him, placing in his yard in his underwear, restraining him and injuring him in the process, detaining him, transporting and/or jailing him.  Further, the arrest and actions complained of here were performed without Defendant, TUMMOND, having a reasonable belief or probable cause that PLAINTIFF was a suspect subject to arrest in any way or that there existed facts supporting a particularized reasonable suspicion that the arrest was warranted.  Upon information and belief, the arrest and acts complained of herein were also performed by law enforcement officers who did have prior written authorization of supervising officers on duty and were performed after the Defendants conspired with one another to commit these acts.  The arrest and subsequent actions further violated PLAINTIFF'S statutory and constitutional rights by using unauthorized force in the application of the flex-cuff restraints.

25.     Defendant, TUMMOND, committed the above-described acts under color of law and thereby substantially deprived PLAINTIFF of his clearly established rights, privileges and immunities guaranteed him by the Fourth, Ninth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, including, but not limited to:

(a)     Freedom from unreasonable seizure of person;

(b)     Freedom from deprivation of liberty without due process of law;

(c)     Freedom from intrusive, substantial and unwarranted invasions of privacy; and

(d)      Freedom from the fear of being seized, detained and jailed.

26.      As a direct and proximate result of these actions and omissions, PLAINTIFF sustained a violation of his constitutional rights and suffered legally cognizable damages.

WHEREFORE, PLAINTIFF prays for relief as hereunder appears:

A.      For compensatory, general and special damages against Defendant, TUMMOND.

B.      Exemplary damages as against all of the individual Defendant, TUMMOND, in an amount sufficient to deter and to make an example of those Defendant, TUMMOND;

C.      Attorneys' fees and costs under 42 U.S.C. § 1988; and

D.      The costs of this suit and such other relief as the Court finds just and proper.

**<u>COUNT II – AS TO INVESTIGATOR ROGER BELL</u>**

27.      PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

28.      PLAINTIFF'S arrest, restraint, transport, detention and/or incarceration by INVESTIGATOR ROGER BELL was unjustified, unprovoked, disproportionate and unconstitutional in that these Defendants failed to exhaust other reasonable means of ascertaining PLAINTIFF'S identity before resorting to removing him from his home, arresting him, placing in his yard in his underwear, restraining him and injuring him in the process, detaining him, transporting and/or jailing him. Further, the arrest and actions complained of here were performed without Defendant, BELL, having a reasonable belief or probable cause that PLAINTIFF was a suspect subject to arrest in any way or that there existed facts supporting a particularized reasonable

suspicion that the arrest was warranted.   Upon information and belief, the arrest and acts complained of herein were also performed by law enforcement officers who did have prior written authorization of supervising officers on duty and were performed after the Defendants conspired with one another to commit these acts.   The arrest and subsequent actions further violated PLAINTIFF'S statutory and constitutional rights by using unauthorized force in the application of the flex-cuff restraints.

29.     Defendant, BELL, committed the above-described acts under color of law and thereby substantially deprived PLAINTIFF of his clearly established rights, privileges and immunities guaranteed him by the Fourth, Ninth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, including, but not limited to:

(a)     Freedom from unreasonable seizure of person;

(b)     Freedom from deprivation of liberty without due process of law;

(c)     Freedom from intrusive, substantial and unwarranted invasions of privacy; and

(d)     Freedom from the fear of being seized, detained and jailed.

30.     As a direct and proximate result of these actions and omissions, PLAINTIFF sustained a violation of his constitutional rights and suffered legally cognizable damages.

WHEREFORE, PLAINTIFF prays for relief as hereunder appears:

A.     For compensatory, general and special damages against Defendant, BELL.

B.     Exemplary damages as against all of the individual Defendant, BELL, in an amount sufficient to deter and to make an example of those Defendant, BELL;

C.     Attorneys' fees and costs under 42 U.S.C. § 1988; and

D.     The costs of this suit and such other relief as the Court finds just and proper.

## COUNT III – AS TO LT. MATTHEW C. FORTNEY

31.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

32.     PLAINTIFF'S arrest, restraint, transport, detention and/or inicarceration by LT. MATTHEW C. FORTNEY was unjustified, unprovoked, disproportionate and unconstitutional in that these Defendants failed to exhaust other reasonable means of ascertaining PLAINTIFF'S identity before resorting to removing him from his home, arresting him, placing in his yard in his underwear, restraining him and injuring him in the process, detaining him, transporting and/or jailing him.  Further, the arrest and actions complained of here were performed without Defendant, FORTNEY, having a reasonable belief or probable cause that PLAINTIFF was a suspect subject to arrest in any way or that there existed facts supporting a particularized reasonable suspicion that the arrest was warranted.  Upon information and belief, the arrest and acts complained of herein were also performed by law enforcement officers who did have prior written authorization of supervising officers on duty and were performed after the Defendants conspired with one another to commit these acts.  The arrest and subsequent actions further violated PLAINTIFF'S statutory and constitutional rights by using unauthorized force in the application of the flex-cuff restraints.

33.     Defendant, FORTNEY, committed the above-described acts under color of law and thereby substantially deprived PLAINTIFF of his clearly established rights, privileges and immunities guaranteed him by the Fourth, Ninth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, including, but not limited to:

(a)     Freedom from unreasonable seizure of person;

(b)     Freedom from deprivation of liberty without due process of law;

(c)     Freedom from intrusive, substantial and unwarranted invasions of privacy; and

(d)     Freedom from the fear of being seized, detained and jailed.

34.     As a direct and proximate result of these actions and omissions, PLAINTIFF

sustained a violation of his constitutional rights and suffered legally cognizable damages.

WHEREFORE, PLAINTIFF prays for relief as hereunder appears:

A.     For compensatory, general and special damages against Defendant, FORTNEY.

B.     Exemplary damages as against all of the individual Defendant, FORTNEY, in an

amount sufficient to deter and to make an example of those Defendant, FORTNEY;

C.     Attorneys' fees and costs under 42 U.S.C. § 1988; and

D.     The costs of this suit and such other relief as the Court finds just and proper.

## <u>COUNT IV – AS TO OFFICER R.W. PROCTOR</u>

35.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully

restated herein.

36.     PLAINTIFF'S arrest, restraint, transport, detention and/or incarceration by

OFFICER R.W. PROCTOR was unjustified, unprovoked, disproportionate and unconstitutional in

that these Defendants failed to exhaust other reasonable means of ascertaining PLAINTIFF'S

identity before resorting to removing him from his home, arresting him, placing in his yard in his

underwear, restraining him and injuring him in the process, detaining him, transporting and/or

jailing him.  Further, the arrest and actions complained of here were performed without Defendant,

PROCTOR, having a reasonable belief or probable cause that PLAINTIFF was a suspect subject to

arrest in any way or that there existed facts supporting a particularized reasonable suspicion that the arrest was warranted.  Upon information and belief, the arrest and acts complained of herein were also performed by law enforcement officers who did have prior written authorization of supervising officers on duty and were performed after the Defendants conspired with one another to commit these acts.  The arrest and subsequent actions further violated PLAINTIFF'S statutory and constitutional rights by using unauthorized force in the application of the flex-cuff restraints.

37.     Defendant, PROCTOR, committed the above-described acts under color of law and thereby substantially deprived PLAINTIFF of his clearly established rights, privileges and immunities guaranteed him by the Fourth, Ninth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, including, but not limited to:

(a)     Freedom from unreasonable seizure of person;

(b)     Freedom from deprivation of liberty without due process of law;

(c)     Freedom from intrusive, substantial and unwarranted invasions of privacy; and

(d)     Freedom from the fear of being seized, detained and jailed.

38.     As a direct and proximate result of these actions and omissions, PLAINTIFF sustained a violation of his constitutional rights and suffered legally cognizable damages.

WHEREFORE, PLAINTIFF prays for relief as hereunder appears:

A.     For compensatory, general and special damages against all Defendant, PROCTOR.

B.     Exemplary damages as against all of the individual Defendant, PROCTOR, in an amount sufficient to deter and to make an example of those Defendant, PROCTOR;

C.     Attorneys' fees and costs under 42 U.S.C. § 1988; and

D.     The costs of this suit and such other relief as the Court finds just and proper.

## COUNT V – AS TO CHIEF DENNIS STROW

39.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

40.     PLAINTIFF'S arrest, restraint, transport, detention and/or incarceration by CHIEF DENNIS STROW was unjustified, unprovoked, disproportionate and unconstitutional in that these Defendants failed to exhaust other reasonable means of ascertaining PLAINTIFF'S identity before resorting to removing him from his home, arresting him, placing in his yard in his underwear, restraining him and injuring him in the process, detaining him, transporting and/or jailing him. Further, the arrest and actions complained of here were performed without Defendant, STROW, having a reasonable belief or probable cause that PLAINTIFF was a suspect subject to arrest in any way or that there existed facts supporting a particularized reasonable suspicion that the arrest was warranted.   Upon information and belief, the arrest and acts complained of herein were also performed by law enforcement officers who did have prior written authorization of supervising officers on duty and were performed after the Defendants conspired with one another to commit these acts.   The arrest and subsequent actions further violated PLAINTIFF'S statutory and constitutional rights by using unauthorized force in the application of the flex-cuff restraints.

41.     Defendant, STROW, committed the above-described acts under color of law and thereby substantially deprived PLAINTIFF of his clearly established rights, privileges and immunities guaranteed him by the Fourth, Ninth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, including, but not limited to:

(a)     Freedom from unreasonable seizure of person;

(b)     Freedom from deprivation of liberty without due process of law;

(c)     Freedom from intrusive, substantial and unwarranted invasions of privacy; and

(d)     Freedom from the fear of being seized, detained and jailed.

42.     As a direct and proximate result of these actions and omissions, PLAINTIFF sustained a violation of his constitutional rights and suffered legally cognizable damages.

WHEREFORE, PLAINTIFF prays for relief as hereunder appears:

A.     For compensatory, general and special damages against all Defendant, STROW.

B.     Exemplary damages as against all of the individual Defendant, STROW, in an amount sufficient to deter and to make an example of those Defendant, STROW;

C.     Attorneys' fees and costs under 42 U.S.C. § 1988; and

D.     The costs of this suit and such other relief as the Court finds just and proper.

## COUNT VI - SHERIFF BOBBY McCALLUM
## AS TO NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION

43.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

44.     Defendant, SHERIFF BOBBY McCALLUM, had a duty to make an appropriate investigation of its employees, including, LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS AND INVESTIGATOR ROGER BELL, and failed to do so, and further had the duty to exercise reasonable care in training, supervising and retaining these individuals.

45.     An appropriate investigation would have revealed the unsuitability of the above-named officers for the particular duty to be performed or for employment in general.

46.     It was reasonable for Defendant, SHERIFF BOBBY McCALLUM, to hire the

officers in light of the information it knew or should have known.

47.     As the proximate, legal and actual result of the Defendant, SHERIFF BOBBY McCALLUM'S negligent hiring, supervision, retention and training of the officers, PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF prays for relief as hereunder appears:

A.     For compensatory, general and special damages against all Defendants;

B.     Exemplary damages as against all of the individual Defendants in an amount sufficient to deter and to make an example of those Defendants; and

C.     Such other relief as the Court finds just and proper.

## COUNT VII - CITY OF WILLISTON AS TO NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION

48.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

49.     Defendant, CITY OF WILLISTON, had a duty to make an appropriate investigation of its employees, including, LT. MATTHEW C. FORTNEY AND OFFICER R.W. PROCTOR, and failed to do so, and further had the duty to exercise reasonable care in training, supervising and retaining these individuals.

50.     An appropriate investigation would have revealed the unsuitability of the above-named officers for the particular duty to be performed or for employment in general.

51.     It was reasonable for Defendant, CITY OF WILLISTON, to hire the officers in light of the information it knew or should have known.

52.     As the proximate, legal and actual result of the Defendant, CITY OF

WILLISTON'S negligent hiring, supervision, retention and training of the officers, PLAINTIFF

suffered damages.

WHEREFORE, PLAINTIFF prays for relief as hereunder appears:

A.    For compensatory, general and special damages against all Defendants;

B.    Exemplary damages as against all of the individual Defendants in an amount

sufficient to deter and to make an example of those Defendants; and

C.    Such other relief as the Court finds just and proper.

## COUNT VIII
## BATTERY AS TO LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS, INVESTIGATOR ROGER BELL, LT. MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR AND CHIEF DENNIS STROW

53.    PLAINTIFF incorporates by reference the foregoing paragraphs as though fully

restated herein.

54.    This is a cause of action under Florida law for battery against Defendants, LT.

SCOTT TUMMOND, INVESTIGATOR ROB BOWERS, INVESTIGATOR ROGER BELL, LT.

MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR AND/OR CHIEF DENNIS STROW.

55.    Defendants, LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS,

INVESTIGATOR ROGER BELL, LT. MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR

AND/OR CHIEF DENNIS STROW had non-consensual physical contact with PLAINTIFF, which

included arresting and wrongfully and harmfully restraining PLAINTIFF with flex-cuffs in public

in his front yard in his underwear, transporting, detaining and jailing.

56.    PLAINTIFF has a clear right to bodily privacy and to be secure in his person against

unreasonable searches.

57.     Defendants, LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS, INVESTIGATOR ROGER BELL, LT. MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR AND/OR CHIEF DENNIS STROW knew that the particular manner the arrest was being conducted violated clearly established law, including *Florida Statute* §901.211.

58.     Defendants' actions in arresting, restraining, detaining and jailing PLAINTIFF were done intentionally, maliciously, and with complete disregard for PLAINTIFF'S constitutional rights.

59.     PLAINTIFF suffered great humiliation and embarrassment as a result of the arrest, restrain, transport and detention and is fearful that he may be subjected to arrest in the future.

60.     As a direct and proximate result of Defendants' physical assault on PLAINTIFF, PLAINTIFF has suffered severe emotional harm, ongoing psychological injuries, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, diminishment of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment and/or aggravation of a pre-existing condition. The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF demands judgment against Defendants for damages in an amount to be determined at trial, and further demands a trial by jury on all issues so triable.

### COUNT IX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO
### LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS,
### INVESTIGATOR ROGER BELL, LT. MATTHEW C. FORTNEY,
### OFFICER R.W. PROCTOR AND CHIEF DENNIS STROW

61.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

62.     This is a cause of action under Florida common law for intentional infliction of emotional distress against Defendants, LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS, INVESTIGATOR ROGER BELL, LT. MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR AND/OR CHIEF DENNIS STROW.

63.     Defendants, LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS, INVESTIGATOR ROGER BELL, LT. MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR AND/OR CHIEF DENNIS STROW, had non-consensual, offensive physical contact with PLAINTIFF, which included unlawful arrest, restrain, transport, detention and jailing in public and in front of others in a disgraceful manner.

64.     PLAINTIFF has a clear right to bodily privacy and to be secure in his person against unlawful and unreasonable arrest, restraint, transport and detention, particularly while in his underwear.

65.     Defendants, LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS, INVESTIGATOR ROGER BELL, LT. MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR AND/OR CHIEF DENNIS STROW, knew that the particular manner in which the arrest, restraint, transport and detention were conducted violated clearly established law, including *Florida Statute* § 901.211.

66.     Defendants acted recklessly and with complete indifference to PLAINTIFF'S right to privacy and well being.

67.     The emotional and psychological harm PLAINTIFF experienced was completely foreesable and intended consequence of the illegal and unconstitutional arrest, restraint, transport and detention.

68.     As a direct and proximate result of Defendants' outrageous conduct, PLAINTIFF suffered severe emotional distress and ongoing psychological injuries.

69.     The emotional distress complained of by PLAINTIFF is unusually extreme and severe and is a direct and intended consequence of the intentional and outrageous conduct of Defendants.

WHEREFORE, PLAINTIFF demands judgment against Defendants for damages in an amount to be determined at trial, and further demands a trial by jury on all issues so triable.

## COUNT X
## NEGLIGENCE AS TO LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS, INVESTIGATOR ROGER BELL, LT. MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR AND CHIEF DENNIS STROW

70.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

71.     Defendants, LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS, INVESTIGATOR ROGER BELL, LT. MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR AND/OR CHIEF DENNIS STROW, had a duty to make an appropriate investigation and failed to do so, and further had the duty to exercise reasonable care.

72.     As a direct and proximate result of Defendants' physical assault on PLAINTIFF, PLAINTIFF has suffered severe emotional harm, ongoing psychological injuries, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, diminishment of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment and/or aggravation of a pre-existing condition. The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF demands judgment against Defendants for damages in an amount to be determined at trial, and further demands a trial by jury on all issues so triable.

## COUNT XI
## SHERIFF BOBBY McCALLUM
## RESPONDEAT SUPERIOR

73.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

74.     Defendant, LEVY COUNTY GOVERNMENT, is liable to PLAINTIFF under the doctrine of respondeat superior for the complained of actions of its agents, servants and employees, including LT. SCOTT TUMMOND, INVESTIGATOR ROB BOWERS AND INVESTIGATOR ROGER BELL.

75.     As a direct and proximate result of Defendants' physical assault on PLAINTIFF, PLAINTIFF has suffered severe emotional harm, ongoing psychological injuries, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, diminishment of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment and/or aggravation of a pre-existing condition. The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF demands judgment against Defendants for damages in an amount to be determined at trial, and further demands a trial by jury on all issues so triable.

## COUNT XI
## CITY OF WILLISTON
## RESPONDEAT SUPERIOR

76.     PLAINTIFF incorporates by reference the foregoing paragraphs as though fully restated herein.

- 20 -

77.     Defendant, CITY OF WILLISTON, is liable to PLAINTIFF under the doctrine of respondeat superior for the complained of actions of its agents, servants and employees, including, but not limited to, LT. MATTHEW C. FORTNEY, OFFICER R.W. PROCTOR AND/OR CHIEF DENNIS STROW.

78.     As a direct and proximate result of Defendants' physical assault on PLAINTIFF, PLAINTIFF has suffered severe emotional harm, ongoing psychological injuries, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, diminishment of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment and/or aggravation of a pre-existing condition. The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF demands judgment against Defendants for damages in an amount to be determined at trial, and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMANDED

PLAINTIFF demands a trial by jury as to all issues triable as a right before a jury.

Dated: _____.

Respectfully submitted,

**WARNER. SECHREST & BUTTS, P.A.**

_____/s/ Michael D. Sechrest_____
Michael D. Sechrest
Florida Bar No. 0150710
5200 S.W. 91st Terrace, Suite 101
Gainesville, Florida 32608
Telephone:      352-373-5922
Fax: 352-373-5921
kimhart@fbswlaw.com
mike@fbswlaw.com
Attorneys for Plaintiff