# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

SYDNEY CARL FRASIER,

    *Plaintiff,*

v.                                     CASE NO. 1:14-cv-00009-MP-GRJ

SHERIFF BOBBY MCCALLUM

    *Defendant.*

_____/

### **O R D E R**

This matter is before the Court on ECF 88, Plaintiff's Response to Court's Show Cause Order. The Court has previously granted summary judgment to the other Defendants in this matter on claims for wrongful arrest pursuant to 42 U.S.C. § 1983; civil battery; intentional infliction of emotional distress ("IIED"); negligent hiring, training, and supervision; and vicarious liability. ECF 86. With respect to Defendant Sheriff Bobby McCallum ("Defendant"), the Court considered granting *sua sponte* summary judgment in Defendant's favor. ECF 86 at 20. Because Defendant brought no motion, however, the Court granted Plaintiff thirty days to show cause as to why his claims against Defendant should not be dismissed. ECF 86 at 21.

Plaintiff then filed a Motion for Reconsideration, ECF 87, a Response to Court's Show Cause Order, ECF 88, and a Notice of Appeal, ECF 89. The

Court denied Plaintiff's Motion for Reconsideration. ECF 91. Due to the pending appeal, all matters, including a ruling on ECF 88, were stayed until the Eleventh Circuit ruled on appeal. ECF 91. The Eleventh Circuit found that the Court's Show Cause Order, ECF 86, was not a final, appealable order and accordingly dismissed Plaintiff's appeal for lack of jurisdiction. ECF 98. The matter is now ripe for review.

The remaining claims against Defendant are negligent hiring, training, and supervision; and vicarious liability. The facts, procedural history, legal standards, and case law for these claims can be found in detail in the Court's Show Cause Order. ECF 86. With respect to Plaintiff's claim for negligent hiring, Plaintiff has failed to uncover facts to support the assertion that Defendant's investigation into Tummond and Bell before hiring them would have revealed their unsuitability for employment as police officers, or that it was unreasonable for Defendant to hire Tummond and Bell.[1] Regarding Plaintiff's claim for negligent training, Plaintiff has not uncovered facts sufficient to prove that Defendant "knew of a need to train" Tummond and Bell in a particular area and "made a deliberate choice" not to take any action.[2] Plaintiff also fails to allege what evidence was uncovered during the

---

[1] This ruling is similar to the Court's conclusions with respect to this claim against the City of Williston. *See* ECF 86 at 13–14.
[2] This ruling is similar to the Court's conclusions with respect to this claim against the City of Williston. *See* ECF 86 at 14–15.

*Case No: 1:14-cv-00009-MP-GRJ*

course of discovery to support a claim for negligent supervision against Defendant. There is no evidence put forth by Plaintiff demonstrating that Defendant was on notice of Tummond's and Bell's inability to properly affix and remove flexcuffs.[3] For these reasons, the Court grants *sua sponte* summary judgment in Defendant's favor as to these claims.

Regarding Plaintiff's claim for vicarious liability, Plaintiff argues that officers Tummond and Bell failed to properly use flexcuffs. Plaintiff argues that Florida law permits a plaintiff to bring a claim for negligent use of equipment before, during, or after a decision to arrest. ECF 88 at 1. In support of his argument, Plaintiff cites *Lewis v. City of St. Petersburg*, 260 F.3d 1260 (11th Cir. 2001). Plaintiff's reliance on *Lewis*, however, is misplaced. While Florida law recognizes a cause of action for negligent handling of a firearm or negligent decision to use a firearm—separate and distinct from a claim for use of excessive force—this cause of action does not extend to all equipment. The use of flexcuffs during an arrest does not "pertain to something other than the actual application of force during the course of the arrest." *See City of Miami v. Sanders*, 672 So.2d 46, 48 (Fla. Dist. Ct. App. 1996). Moreover, *Lewis* is distinguishable because the use of flexcuffs or handcuffs is typical and reasonably necessary to effectuate an

---

[3] This ruling is similar to the Court's conclusions with respect to this claim against the City of Williston. *See* ECF 86 at 15–16.

*Case No: 1:14-cv-00009-MP-GRJ*

arrest, but the discharging of a weapon during an arrest is not necessarily typical.

Plaintiff also argues that because he is basing his suit on actions that occurred after the initial decision to arrest was made, Florida law supports a tort cause of action for the use of flexcuffs. ECF 88 at 6–7. While Florida law does recognize a tort cause of action for some subsequent actions, Plaintiff fails to cite any authority indicating a tort cause of action for the use of flexcuffs. As discussed above, the use of flexcuffs pertains to the application of force during an arrest. Furthermore, Plaintiff fails to cite any authority indicating that an arrest ends the moment a decision to arrest is made. Even if Plaintiff had cited authority, it is reasonable to conclude that the course of an arrest includes the apprehension and transportation of the detainee to a jail or other correctional facility. Because Plaintiff's claim pertains to the application of force during the lawful arrest, Plaintiff has failed to allege a successful negligence claim. Since the facts do not support a cause of action against Tummond and Bell individually, there is no basis to hold Defendant vicariously liable under the doctrine of *respondeat superior*.

In short, this Court finds in favor of Defendant on all claims asserted by Plaintiff.

Accordingly, it is hereby **ORDERED:**

1. The Court grants, *sua sponte,* summary judgment in favor of Defendant McCallum.

2. The Court has now ruled on summary judgment against Plaintiff on all claims against all Defendants.

3. The clerk is directed to enter final judgment against Plaintiff and to close the file.

**SO ORDERED on November 8, 2016.**

        <u>s/Mark E. Walker</u>
        **United States District Judge**